<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANESHA ALLEN and SHAKERA ALLEN-WHITE,<br><br>              Plaintiffs,<br>v.<br><br><br>BLOOMINGDALE'S, INC., MACY'S, INC., and JOHN DOES 1-100,<br><br>              Defendants. | Civil Action No. 16-772 (WJM)<br><br><br><br><u>**REPORT & RECOMMENDATION**</u> |

<u>**FALK, U.S.M.J.**</u>

      Before the Court is Plaintiffs' motion to remand this case to state court.  [CM/ECF No. 4.]  The motion is opposed.  No argument was heard.  Fed. R. Civ. P. 78(b).  Based upon the following, it is respectfully recommended that the motion be **DENIED**.

<u>BACKGROUND</u>

      Plaintiffs are New Jersey residents formerly employed by Bloomingdale's, Inc. (Compl.,¶ 1.) Bloomingdale's, Inc. is an Ohio corporation. (Notice of Removal ¶1.) Macy's, Inc. is the parent company of Bloomingdale's, Inc. and is a Delaware corporation. (Notice of Removal ¶1.)  Plaintiff Shanesha Allen was employed by Bloomingdale's Inc. from on or about October 8, 2013 until her employment was terminated on or about July 16, 2015. (Compl., ¶ 1.) Plaintiff Shakera Allen-White was employed by Bloomingdale's Inc. until her employment was terminated on or about July 16, 2015. (Compl. ¶1.)

      On December 14, 2015, Plaintiffs filed a Complaint in the Superior Court of New Jersey, Law Division, Essex County, alleging discrimination and wrongful termination in

violation of New Jersey's Law Against Discrimination, N.J.S.A. 10:5-1, *et seq*. The Complaint demands equitable and money damages; compensatory damages; punitive damages; attorney's fees; and costs of suit.  However, as is required by New Jersey state court rules, the Complaint does not demand a specific amount of damages. See N.J. Ct. R. 4:5-2; Lipsett v. Leonard, 64 N.J. 276, 281 n.1 (1974).

On February 12, 2016, Defendants removed the case to this Court alleging diversity jurisdiction, which is present when the opposing parties are citizens of different states and there is more than $75,000 in dispute. See Wis Dep't of Corrections v. Schacht, 524 U.S. 381, 289 (1994).

On February 19, 2016, Plaintiffs moved to remand this case to state court, arguing that federal jurisdiction is lacking because the Defendants have not met their burden to establish that the amount in controversy exceeds $75,000.

The motion to remand is fully briefed. The parties do not dispute that they are citizens of different states and thus diverse. The issue to be decided is whether the amount in controversy has been established.  For the reasons stated below, the amount in controversy clearly exceeds the jurisdictional minimum, and the motion to remand should be **DENIED**.

## ANALYSIS

The federal removal statute provides that "[e]xcept as otherwise provided by Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007). Removal is strictly construed and all doubts are resolved in favor of remand.  See Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004).

On December 7, 2011, the President signed the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758 (2011).  This Act, which went into effect on January 6, 2012, addresses how to measure the amount in controversy when the Complaint is silent on the quantum of damages sought. Specifically, where, like here, the "State practice . . .  does not permit demand for a specific sum . . .," the "removal of the action is proper on the basis of the amount in controversy . . . if the district court finds, by a preponderance of the evidence, that the amount in controversy" exceeds $75,000.  28 U.S.C. § 1446(c)(2)(B) (emphasis added).

Preponderance of the evidence means "proof to a reasonable probability that jurisdiction exists." Frederico, 507 F.3d at 196 n.6.  The Court may look to the notice of removal and the submissions on the motion to remand to determine whether the amount in controversy has been established.  See 28 U.S.C. § 1446(c)(2)(A); see also Pollock v. Trustmark, Inc., 367 F. Supp. 2d 293, 297 (E.D.N.Y. 2005) ("Where there is no dollar amount alleged in the complaint and the action is in federal court by a notice of removal, a reasonable probability that the jurisdictional amount is met can be established by competent evidence from other sources.  The [c]ourt first looks to the complaint, then to the moving papers, then to anything else.") (cites and quotes omitted)).  The amount in controversy is measured "not . . . by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.'" Werwinski v. Ford Motor Co., 286 F.3d 661, 666 (3d Cir. 2002) (quoting Angus v. Shiley, Inc., 989 F.2d 142, 146 (3d Cir. 1993)); see also Hatchigan v. State Farm Ins. Co., No. 13-2880, 2013 WL 3479436, at *2 (E.D. Pa. July 13, 2013).

    This is a heavily disputed, two Plaintiff discrimination and retaliation case.  A basic evaluation of the Complaint reveals that _easily_ more than $75,000 is at issue in the case.  Plaintiffs seek back pay and punitive damages, which at their salaries would clearly surpass the jurisdictional threshold standing alone.[1]  That does not even account for Plaintiffs' request for damages for "pain and suffering" and attorney's fees, both of which are properly considered in connection with the amount in controversy.[2]  Finally, Defendants claim that Plaintiffs' counsel admitted—prior to removal—that more than $75,000 was in dispute.[3]

    Plaintiffs argue that the amount in controversy is not established because they may not recover all of the damages requested in the Complaint, and because Defendants' analysis is allegedly speculative.  But that misses the point.  A jurisdictional analysis is performed on what is _alleged_ in the Complaint, not what one may ultimately recover.  And Defendants' analysis is understandably speculative given the allegations in the Complaint and the pleading standards involved.  In all events, based on the allegations

---

[1] See Defs.' Br. 7 n.2 (identifying Plaintiffs' salaries and back pay requests and calculations); see also Golden v. Golden, 382 F.3d 348, 356 (3d Cir. 2004) (stating that amount in controversy may include requests for punitive damages when available under the applicable law); Jones v. Gemalto, Inc., 2015 WL 3948108, at *3-4 (E.D. Pa. June 29, 2015) (back pay).

[2] See Suber v. Chrysler Corp., 104 F.3d 578, 585 (3d Cir. 1997) (attorney's fees included in amount in controversy); Uddin v. Sears, Roebuck & Co., 2014 WL 316988, at *5 (D.N.J. Jan. 27, 2014).

[3] See Defs.' Br. 1.  Plaintiffs' counsel appears to dispute this.  Assuming Plaintiffs' counsel is correct, the Court would still find that Defendants have established a sufficient amount in controversy for the reasons stated elsewhere in this Report.

here, there is no question that Defendants have easily shown more than the statutory minimum is reasonably at issue in this case.

## CONCLUSION

      Plaintiffs would obviously prefer to proceed in state court.  However, the parties are citizens of different states and there is no question that a fair reading of the Complaint and the demands in it place more than $75,000 in dispute.  This creates federal diversity jurisdiction and provides Defendants with the unqualified right to remove the action to federal court.  For these reasons, it is respectfully recommended that Plaintiff's motion to remand be **DENIED**.


                                                s/Mark Falk
                                                **MARK FALK**
                                                **United States Magistrate Judge**


**DATED: July 19, 2016**